IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAWANDA J. VALENTINE-WILLIAMS, | ) | CASE NO. 8:24-cv-165 |
| Plaintiff, | ) | |
| v. | ) | ANSWER |
| | ) | AND DEMAND FOR A JURY TRIAL |
| CITY OF OMAHA, NEBRASKA, *et al.*, | ) | |
| Defendant. | ) | |

COMES NOW the Defendant City of Omaha, and in response to the Plaintiff's Complaint (Doc. #1) states and alleges as follows:

1. The City admits that 28 U.S.C. § 1331 grants United States districts courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States and that 28 U.S.C. § 1343 grants United States district courts with original jurisdiction over any civil action to recover damages for injury to persons or property for the deprivation of rights, privileges, and immunities under the color of law, for acts done in furtherance of any conspiracy under 42 U.S.C. § 1985, and for any Act of Congress providing for the protection of civil rights. The City admits that the District Court has jurisdiction over acts arising under 42 U.S.C. § 1983 & 1985, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. The City denies any remaining allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. The City admits that this Court has personal jurisdiction over the claims asserted by the Plaintiff against the City of Omaha and that venue over those claims is proper in the United States District Court for the District of Nebraska. The City lacks knowledge as to the

domicile of any alleged John or Jane Does, and therefore denies any remaining allegation contained in Paragraph 2 of the Plaintiff's Complaint.

3. The City admits that the Plaintiff is a resident of Omaha, Douglas County, Nebraska and a citizen of the United States.

4. The City lacks knowledge as to when the Plaintiff purchased her residence and therefore denies the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. The City admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. The City admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. Paragraphs 7-11 are asserted against unidentified John and Jane Does, and thus the City lacks knowledge as to who these allegations are being made against. The City therefore denies the allegations contained in Paragraphs 7-11.

8. Paragraphs 12-31 have not been asserted against the City as a defendant and, therefore, no response to these allegations is required. To the extent a response is required, the City denies the allegations contained in Paragraphs 12-31.

9. The City denies the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

10. The City denies the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

11. The City denies the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

12. The City denies the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

13. The City denies the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

14. The City denies the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

15. The City denies the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

16. Paragraphs 39-66 of the Plaintiff's Complaint have not been asserted directly against the City as a defendant and, therefore, no response to these allegations is required. To the extent a response is required, the City denies the allegations contained in Paragraphs 39-66.

17. The City specifically denies each and every remaining allegation in the Plaintiff's Complaint (Doc. # 1) and demands strict proof thereof, except those allegations that constitute admissions against the Plaintiff's interests

## **AFFIRMATIVE DEFENSES**

The City Defendants affirmatively allege the following:

18. The City denies that it may be held directly liable and responsible under federal civil rights law for the acts or conduct of its employees, and affirmatively alleges that the City may only be held liable under federal civil rights laws for claims based upon a municipal policy, practice, or custom that inflicts the alleged injury.

19. The Plaintiff has failed to identify any official policy, practice, or custom which caused the Plaintiff's alleged injuries.

20. The Plaintiff has failed to state a claim upon which relief may be granted and this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

21. The Plaintiff has failed to state a claim for punitive damages.

22. The direct proximate cause of any injury suffered by the Plaintiff was a result of the Plaintiff's own intentional or negligent actions over which the City had no control or authority.

23. If any force was used against the Plaintiff by City of Omaha employees it was minimal, reasonable, justified, and in conformance with nationally accepted law enforcement practices.

24. The City at all times acted in good faith to comply with all applicable laws and acted with reasonable grounds to believe that its actions did not violate the statutes and Constitutional provisions cited in the Plaintiff's Complaint, and the City asserts a lack of willingness to violate those statutes and Constitutional provisions as a defense to any claim by the Plaintiff for punitive damages.

25. The City reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. The City asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

**THE DEFENDANT CITY OF OMAHA RESPECTFULLY DEMANDS A JURY TRIAL IN OMAHA, NEBRASKA.**

Respectfully submitted this 3rd day of July, 2024.

                          CITY OF OMAHA, NEBRASKA, Defendant.

                        By: s/ Ryan J. Wiesen
                            RYAN J. WIESEN, No. 24810
                            Deputy City Attorney
                            Omaha/Douglas Civic Center
                            1819 Farnam Street, Suite 804
                            Omaha, NE 68183
                            (402) 444-5115
                            Ryan.Wiesen@cityofomaha.org
                            Attorney for the Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of July, 2024, the foregoing **ANSWER AND DEMAND FOR A JURY TRIAL** was filed with the Clerk of the Court using the CM/ECF system, which is to send notification of such filing to all attorneys of record registered with CM/ECF system.

                            s/ Ryan J. Wiesen
                            Deputy City Attorney