## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

**LAWANDA J. VALENTINE-WILLIAMS,**

**Plaintiff,**

vs.

**CITY OF OMAHA, NEBRASKA,
MATTHEW A RECH, DARRELLE F
BONAM, ANGELA M LYDON, MOLLY
TALBITZER, HEIDI SCHLOTZHAUER,
and JUSTIN KNAPP,**

**Defendants.**

**8:24CV165**

**AMENDED
CASE PROGRESSION ORDER**

This matter comes before the Court on the Plaintiff's Unopposed Motion to Extend Deadlines (Filing No. 62). After review of the motion, the Court finds good cause to grant the requested extensions. Accordingly,

**IT IS ORDERED** that the Plaintiff's Unopposed Motion to Extend Deadlines (Filing No. 62) is granted, and the case progression order is amended as follows:

1)   Experts:

   a.   The deadline for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

   | | |
   |---|---|
   | For the plaintiff: | **April 10, 2026** |
   | For the defendants: | **May 15, 2026** |

   b.   The deadlines for completing expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

   | | |
   |---|---|
   | For the plaintiff: | **May 15, 2026** |
   | For the defendants: | **June 29, 2026** |
   | Plaintiff's rebuttal: | **July 31, 2026** |

   c.   The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **September 11, 2026**.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

2)      The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **April 30, 2026**.

3)      The trial and pretrial conference will not be set at this time. A planning conference to discuss case progression, dispositive motions, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **July 22, 2026**, at **10:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

4)      The deadline for filing motions to dismiss and motions for summary judgment is **October 2, 2026**.

5)      The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

6)      All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 11th day of February, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge